Filed 11/4/14  P. v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Petitioner, | E061800 |
| v. | (Super.Ct.No. RIF1302132) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| JOSE MANUEL TORRES, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of prohibition/mandate.  Helios (Joe) Hernandez, Judge.  Petition granted.

Paul E. Zellerbach, District Attorney and Emily R. Hanks, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

1

Steven L. Harmon, Public Defender, Brian L. Boles, Thomas M. Cavanaugh, Chad W. Firetag, Tracy M. Macuga, Assistant Public Defenders, and Laura Arnold, Deputy Public Defender, for Real Party in Interest.

In this matter we have reviewed the petition and the opposition filed by real party in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

## DISCUSSION

The standard in reviewing the evidence adduced at the preliminary hearing is whether it is sufficient to support a strong suspicion of the guilt of the accused. (*Curry v. Superior Court* (2013) 217 Cal.App.4th 580.) We do not substitute our view of the evidence for that of the magistrate, but draw all inferences in favor of the holding order. (See *Stark v. Superior Court* (2011) 52 Cal.4th 368.)

Attempted murder is a specific intent crime (*People v. Lee* (2003) 31 Cal.4th 613), but it has been repeatedly held that firing a shot at the victim at close range in a manner which could have inflicted a mortal wound had the shot been on target is evidence of express malice and the intent to kill. (*People v. Houston* (2012) 54 Cal.4th 1186.) Here, defendant fired at very close range and inflicted a serious wound on the victim. While the precise point of entry is not shown by the record, it is a reasonable inference that a few inches one way or another might have been the difference between a fatal and

2

survivable wound. It is also a reasonable inference that defendant's failure to inflict a fatal wound was the result of inexpertise.

## DISPOSITION

Accordingly, the petition for writ of prohibition/mandate is granted. Let a peremptory writ of mandate issue, directing the Superior Court of Riverside County to vacate its order dismissing the charge of attempted murder, and to enter a new order denying defendant's motion to dismiss.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

The previously ordered stay is lifted.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                                    J.

We concur:


RAMIREZ _____
            P. J.


McKINSTER _____
                    J.


3